IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADAM SHARPE,

       Plaintiff,                   No. 2:10-cv-2484 JFM (PC)

    vs.

HIGH DESERT STATE PRISON, et al.,

       Defendants.             <u>ORDER</u>

_____/

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983.  By order filed February 1, 2011, the court ordered the California Attorney General (Attorney General) to file a response to the request for injunctive relief contained in plaintiff's complaint, by which plaintiff seeks a court order requiring defendants to provide him with eye surgery for an eye disease from which he suffers. On February 14, 2011, the Attorney General complied with that order.  On February 28, 2011, plaintiff filed a response to the Attorney General's response, and on March 7, 2011, the Attorney General filed a reply.  The papers filed by the parties show that plaintiff currently has hybrid contact lenses and is being evaluated for a surgical procedure for the eye condition.  Accordingly, the court will not make any findings and recommendations at this time on the request for permanent injunctive relief contained in plaintiff's complaint.

1    On February 28, 2011, plaintiff filed his second motion for appointment of

2    counsel.  Plaintiff's first motion was denied by order filed February 1, 2011.  As the court noted

3    in its prior order denying plaintiff's first motion for appointment of counsel, the United States

4    Supreme Court has ruled that district courts lack authority to require counsel to represent

5    indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298

6    (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of

7    counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir.

8    1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the

9    court still does not find the required exceptional circumstances.  Plaintiff's second motion for the

10   appointment of counsel will therefore be denied.

11   On March 21, 2011 plaintiff filed a response to defendants' answer to the

12   complaint.  Rule 7 of the Federal Rules of Civil Procedure provides as follows:

13   There shall be a complaint and an answer; a reply to a counterclaim
     denominated as such; an answer to a cross-claim, if the answer contains a
14   cross-claim; a third-party complaint, if a person who was not an original
     party is summoned under the provisions of Rule 14; and a third-party
15   answer, if a third-party complaint is served.  No other pleading shall be
     allowed, except that the court may order a reply to an answer or a third-
16   party answer.

17   Fed. R. Civ. P. 7(a) (emphasis added).  The court has not ordered plaintiff to reply to defendants'

18   answer and declines to make such an order.  Accordingly, plaintiff's response will be

19   disregarded.

20   In accordance with the above, IT IS HEREBY ORDERED that:

21   1.  Plaintiff's February 28, 2011 motion for appointment of counsel is denied; and

22   /////

23   /////

24   /////

25   /////

26   /////

       2.  Plaintiff's March 21, 2011 response to defendants' answer to the complaint is disregarded.

DATED: April 7, 2011.

_____

UNITED STATES MAGISTRATE JUDGE

12/kly
shar2484.31(2)