IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ADAM SHARPE,

    Plaintiff,                               No. 2:10-cv-2484 JFM (PC)

    vs.

HIGH DESERT STATE PRISON, et al.,

    Defendants.                          ORDER

       Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff has filed a motion for reconsideration of this court's May 3, 2011 order. That order denied without prejudice plaintiff's April 18, 2011 motion for a court order requiring prison officials to permit him to correspond with two inmates who he contends were witnesses to facts relevant to the claims at bar. Defendants oppose the motion.

       As noted above, on April 18, 2011, plaintiff filed a motion for a court order permitting him to correspond with two inmate witnesses. On April 22, 2011, defendants filed a statement of opposition to the motion, contending inter alia, that plaintiff's motion was premature because plaintiff had neither sought nor been denied permission to correspond with the inmates. This request for reconsideration follows prison officials' subsequent denial of plaintiff's request due to the gang affiliation of plaintiff and the proposed witnesses.

1

Defendants oppose this request for reconsideration on the grounds that the testimony plaintiff seeks to obtain will be duplicative of his own testimony, or irrelevant, or inadmissible. In the alternative, defendants contend that if the motion is granted the correspondence should be subject to a screening process. Plaintiff disputes defendants' first series of contentions but does not oppose subjecting the correspondence to the screening process proposed by defendants.

As premature as plaintiff's first motion was, defendants now oppose potential evidence without now knowing what it will be. After review of plaintiff's motion and defendants' opposition, and good cause appearing, plaintiff's motion to reconsider will be construed as a request to take the depositions of these witnesses by written questions and, so construed, will be granted.

If plaintiff chooses to proceed in this manner he may submit a list of questions for inmate Tyrone Hill and a list of questions for inmate Scott Rembert to this court, with appropriate copies served on defendants, within thirty days from the date of this order. Defendants will then have thirty days in which to object to any questions, and to submit questions of their own. Plaintiff may object to proposed cross-examination questions within the next fourteen days. When the questions have been determined, the court will forward all permissible questions to the deponents. The deponents shall write out answers to the questions on the forms provided by plaintiff, swear to their truthfulness by verification, and return them to the court. The clerk of the court will then forward copies of the answers to the parties. Counsel for defendants are ordered to provide such assistance as is required within and without the prisons to effectuate this order. If redirect and recross-examination questions are desired by either party under Fed. R. Civ. P. 31(a), the party shall notify the court forthwith and provision will be made therefor.

In view of the above, IT IS HEREBY ORDERED that:

1. Plaintiff's June 13, 2011 motion for reconsideration is granted;

  2. Plaintiff may submit written questions for direct examination of inmates Tyrone Hill and Scott Rembert, with adequate space provided for answers, within thirty days;

  3. Defendants may object to the proposed direct questions and submit proposed written questions for cross-examination within the next thirty days;

  4. Plaintiff may file objections to proposed cross-examination questions within the next fourteen days;

  5. Upon determination of permissible questions by the court, the Clerk shall forward copies of the questions, as appropriate, to inmates Hill and Rembert;

  6. Upon receipt of the questions, inmates Hill and Rembert shall write out his answers in the form provided by plaintiff and return them to the court no later than fourteen days after service by the Clerk;

  7. Upon receipt of the answers, the Clerk shall serve the parties with copies of the answers;

  8. The parties shall inform the court forthwith whether they wish to depose inmates Hill and Rembert further by redirect and/or recross-examination questions. Upon such notification the court will make provision for further questioning.

  9. The deadline for filing pretrial motions in this action is vacated and will be reset by further order of court.

DATED: September 13, 2011.

          _____
          UNITED STATES MAGISTRATE JUDGE

12;shar2484.rec