1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ADAM SHARPE,

11          Plaintiff,               No. 2:10-cv-2484 JFM P

12      vs.

13   HIGH DESERT STATE PRISON, et al.,

14          Defendants.              ORDER

15   _____/

16          Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to

17   42 U.S.C. §  1983.

18          On August 15, 2012, defendants filed a cross-motion for summary judgment

19   pursuant to Federal Rule of Civil Procedure 56.[1]  On August 30, 2012, plaintiff filed an

20   opposition to the motion.  Pursuant to Woods v. Carey, 684 F.3d 934 (9th Cir. 2012), Rand v.

21   Rowland, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), and Klingele v. Eikenberry, 849 F.2d 409

22   (9th Cir. 1988), the court hereby once again informs plaintiff of the following requirements for

23   opposing a motion for summary judgment pursuant to Fed. R. Civ. P. 56.[2]  Such a motion is a

24   _____

25          [1]  Plaintiff filed a motion for summary judgment on July 25, 2012.

26          [2]  Plaintiff was informed of these requirements in an order filed December 14, 2010.

1

request for an order for judgment in favor of the defendant without trial.  A defendant's motion for summary judgment will set forth the facts that the defendant contends are not reasonably subject to dispute and that entitle the defendant to judgment.  To oppose a motion for summary judgment, plaintiff must show proof of his or her claims.  Plaintiff may do this in one or more of the following ways.  Plaintiff may rely on plaintiff's statements made under penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff specifies those parts of the complaint on which plaintiff relies.  Plaintiff may serve and file one or more affidavits or declarations setting forth the facts that plaintiff believes prove plaintiff's claims; the person who signs an affidavit or declaration must have personal knowledge of the facts stated.  Plaintiff may rely on written records, but plaintiff must prove that the records are what plaintiff asserts they are.  Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding.  If plaintiff fails to contradict the defendant's evidence with counteraffidavits or other admissible evidence, the court may accept defendant's evidence as true and grant the motion.  If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion.  <u>See</u> Fed. R. Civ. P. 56(d).  If plaintiff does not serve and file a written opposition to the motion, or a request to postpone consideration of the motion, the court may consider the failure to act as a waiver of opposition to the defendant's motion.  <u>See</u> L.R. 230(l). If the court grants the motion for summary judgment, whether opposed or unopposed, judgment will be entered for the defendant without a trial and the case will be closed as to that defendant.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff is granted thirty days from the date of this order to file and serve a supplemental opposition to defendants' August 15, 2012 motion for summary judgment; and

/////

/////

1        2.  Defendants are granted fourteen days thereafter in which to file and serve a

2  supplemental reply.

3  DATED: September 11, 2012.

UNITED STATES MAGISTRATE JUDGE

12
shar2484.ntc

3